# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

|  |  |
|---|---|
| **JUDY RUTTO** f/k/a Judy Tawuo, on behalf of herself and all similarly situated consumers,<br><br>Plaintiff,<br><br>v.<br><br>**STATEBRIDGE COMPANY, LLC, BCMB1 TRUST,** by Wilmington Savings Fund Society, FSB, as Trustee, **and SUBSTITUTE TRUSTEE SERVICES, INC.,**<br><br>Defendants. | Case No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Statebridge Company, LLC ("Statebridge") gives notice, with full reservation of any and all defenses and claims, of the removal of this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division (the "Notice of Removal"). As grounds for this removal, Statebridge states as follows:

### PROCEDURAL BACKGROUND – STATE COURT ACTION

1. On or about January 16, 2025, Plaintiff Judy Rutto ("Plaintiff") commenced an action against Statebridge in the Superior Court for Mecklenburg County, North Carolina, entitled *Judy Rutto v. Statebridge Company, LLC et al.*, Case No. 25CV002638-590 (the "Complaint").[1]

---

[1] The Complaint also names Substitute Trustee Services, Inc. ("Trustee") but only as a nominal defendant, as the Trustee is neither listed nor described in the section of the Complaint labeled "Parties," nor is any cause of action

1

2. On the same day, Plaintiff filed a Motion for Temporary Restraining Order, which the Court granted on January 24, 2025, and which prohibited foreclosure of 4940 Begonia Drive, Charlotte, North Carolina 28215 for a 30-day period. By mutual consent, the restraining order's expiration was later extended to April 24, 2025.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Statebridge, which papers include the Summons, Complaint, and restraining order documents is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), Statebridge shall file a copy of this Notice of Removal with the Clerk of Superior Court for Mecklenburg County, North Carolina.

4. Pursuant to LCvR 73.1(b), true and accurate copies of certain notices Statebridge is required to provide contemporaneously with the filing of this Notice of Removal are attached hereto as **Exhibit B**.

5. Plaintiff served Statebridge with a copy of the Summons and Complaint on February 6, 2025.

6. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(2)(B) because it is being filed within 30 days of Plaintiff serving Statebridge with the Summons and Complaint.

## GROUNDS FOR REMOVAL

7. Statebridge has a right to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.

8. <u>Federal question jurisdiction</u>. District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff has alleged four causes of action under the Fair Debt Collection Practices Act ("FDCPA"),

---

alleged expressly against Trustee. Plaintiff also names BCMB1 Trust ("Trust") as a defendant, but Plaintiff has not served the Trust.

which arise under federal law. This Court, therefore, has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331.

9. <u>Supplemental jurisdiction</u>. The Court has supplemental jurisdiction over Plaintiff's accompanying state law claims. (*See* Ex. A., pp. 17-30.) "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Here, Plaintiff alleges state-law violations for the same alleged activities under both state and federal law, namely, alleged attempts to collect fees and interest for months Plaintiff allegedly did not receive periodic statements. (*See E.g.*, Ex. A, pp. 14; 17; 19) (federal and state law claims premised on attempts to collect fees and interest for months Plaintiff allegedly did not receive periodic statements). The state and federal claims asserted in the Complaint therefore arise out of the same case or controversy.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

10. This case is a civil action within the meaning of the Acts of Congress related to the removal of causes.

11. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because it is the district and division embracing Mecklenburg County, the place where the state court action is pending.

12. Statebridge has not previously removed this action.

13. Removal at this time will not result in any prejudice to Plaintiff.

14. Upon information and belief, the Trustee was also served with the Summons and Complaint on or around February 6, 2025, as a nominal defendant, *see supra* FN. 1, the Trustee need not join removal. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259

(4th Cir. 2013) (consent to removal not required of a party against whom no active claims were alleged or relief sought). "[E]ven if [the Plainitff] could claim a right to injunctive relief against [the Trustee] … [the Trustee's] role in this litigation would be merely that of a third-party holder of the disputed deed without any interest in the resolution of [the Plainitff's] claims. [The Trustee] would therefore be a nominal party." *Hawkins v. Wells Fargo*, No. 1:07-cv-399, 2008 U.S. Dist. LEXIS 4667, at * 2 (S.D. Miss. Jan. 23, 2008).

15. In the Plaintiff's Complaint, she does not allege any wrongdoing on the part of the Trustee and, in the February 26, 2025 Consent Order Extending Temporary Restraining Order, the Court – with the consent of the parties – found that "except with respect to her claim for injunctive relief, Plaintiff does not assert any affirmative or substantive claims in this action against [the Trustee]." (*See* Ex. A., p. 49.)

16. Nevertheless, in an abundance of caution, the Trustee, through counsel, has consented in writing to removal. A true and accurate copy of this written notice is attached hereto as **Exhibit C**.

17. No other parties must consent to this Notice of Removal.

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Statebridge's right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12, or otherwise, including, but not limited to, the defenses of insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, res judicata, or other factual or affirmative defenses.

19. Statebridge reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being filed with the Clerk of Court for the Superior Court for Mecklenburg County. Statebridge is also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

**WHEREFORE**, Statebridge prays that this Court take jurisdiction of this action, issue all necessary orders and process to remove this action from the Superior Court for Mecklenburg County, North Carolina, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 7th day of March, 2025.

>HUTCHENS LAW FIRM LLP
>By: /s/___*Jeffrey A. Bunda*___
>   Jeffrey A. Bunda
>N.C. State Bar No. 34432
>*Attorneys for Defendant Statebridge Company, LLC*
>6239 Fairview Road, Suite 315
>Charlotte, NC 28210
>Telephone: (704) 362-9255 Ext: 2359
>Facsimile: (704) 362-9301
>Email: jeff.bunda@hutchenslawfirm.com
>
>**ATTORNEYS FOR DEFENDANT STATEBRIDGE COMPANY, LLC**

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2025, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed the document to the following parties by depositing a copy thereof with the overnight delivery service FedEx in Charlotte, North Carolina, postage pre-paid and addressed as follows:

> Rashad Blossom
> 301 S. McDowell St., Ste. 1103
> Charlotte, NC 28204
>
> By: /s/ *Jeffrey A. Bunda*
>       Jeffrey A. Bunda