**JUDY RUTTO** f/k/a Judy Tawuo, on behalf of herself and all similarly situated consumers,

        Plaintiff,

v.

**STATEBRIDGE COMPANY, LLC, BCMB1 TRUST,** by Wilmington Savings Fund Society, FSB, as Trustee, **and SUBSTITUTE TRUSTEE SERVICES, INC.,**

        Defendants.

Case No.: 3:25-cv-00162-MOC-SCR

## <u>DEFENDANT BCMB1 TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendant BCMB1 Trust ("Trust") answers Plaintiff Judy Rutto's ("Plaintiff's") Verified Class Action Complaint ("Complaint") as follows:

### <u>PRELIMINARY STATEMENT</u>

1.      No allegation is asserted against the Trust in Paragraph 1, and therefore no response is required.  To the extent a response is required, the Trust admits that Plaintiff purchased a home in Mecklenburg County, North Carolina in November 2006 ("Property").  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis denies them.

2.      No allegation is asserted against the Trust in Paragraph 2, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and on that basis denies them.

1

3.      No allegation is asserted against the Trust in Paragraph 3, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and on that basis denies them.

4.      No allegation is asserted against the Trust in Paragraph 4, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and on that basis denies them.

5.      No allegation is asserted against the Trust in Paragraph 5, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and on that basis denies them.

6.      No allegation is asserted against the Trust in Paragraph 6, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies them.

7.      No allegation is asserted against the Trust in Paragraph 7, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and on that basis denies them.

8.      No allegation is asserted against the Trust in Paragraph 8, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and on that basis denies them.

9.      No allegation is asserted against the Trust in Paragraph 9, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis denies them.

10.     The Trust admits that in or around February 2019, it purchased Plaintiff's second mortgage loan ("Loan").  With respect to any remaining allegation in Paragraph 10, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

11.     The Trust admits the allegations in Paragraph 11.

12.     The Trust admits that Nationstar Mortgage, LLC ("Nationstar"), which serviced the Loan at the time, sometimes through its wholly owned subsidiary, Veripro Solutions, did not send periodic statements on a monthly cadence to Plaintiff from in or around July 2013 to December 2019.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and specifically denies any remaining allegations not otherwise specifically admitted herein on that basis.

13.     The Trust denies the allegations in Paragraph 13.

14.     The Trust admits that foreclosure proceedings have commenced on the Property. Responding further to Paragraph 14, the Trust admits that it did conduct a foreclosure sale but the 10 day upset bid period did not expire prior to the Plaintiff obtaining injunctive relief; as such, the foreclosure sale has not been completed.  The Trust specifically denies any remaining allegations.

3

15.     The Trust denies the allegations in Paragraph 15.

16.     The Trust admits that Plaintiff purports to allege certain causes of action on a classwide basis against it.  The Trust specifically denies any remaining allegations.

17.     The Trust admits that Plaintiff purports to allege certain causes of action on an individual basis against it.  The Trust specifically denies any remaining allegations.

## JURISDICTION AND VENUE

18.     Paragraph 18 states legal conclusions to which no response is required.  To the extent a response is required, the Trust admits that this Court has subject matter jurisdiction over Plaintiff's claims and that venue is proper.  The Trust specifically denies any remaining allegations.

## PARTIES

19.     Paragraph 19 states legal conclusions to which no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

20.     With respect to the first sentence in Paragraph 20, the Trust admits that the Trust is a statutory trust organized under the laws of Delaware but denies that it is a debt collecter. The remainder of Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, the Trust states 15 U.S.C. § 1692a(6) and the cited caselaw speak for themselves.

21.     The Trust admits that its business involves purchasing previously charged-off and defaulted secondary loan markets.  The Trust denies any remaining allegation in Paragraph 21.

22. The Trust admits that it hires loan servicers who sometimes sent communications to consumers to attempt to collect a debt from them owed by the Trust. The Trust denies any remaining allegation in Paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, the Trust admits that its business includes the purchase of mortgage assets in various states in the Unites States. To the extent the allegations in Paragraph 23 stand for any additional propositions, the Trust denies them.

24. Paragraph 24 states a legal conclusion as to which no response is required. To the extent a response is required, the Trust states the NCDCA speaks for itself and denies all allegations in Paragraph 24.

25. No allegation is asserted against the Trust in Paragraph 25, and Paragraph 25 states legal conclusions, accordingly no response is required. To the extent a response is required, the Trust admits that Statebridge engages in loan servicing. The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and on that basis denies them.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, the Trust states the FDCPA and cited case law speak for themselves; however, the Trust expressly denies any wrongdoing thereunder

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required, the Trust states the NCDCA speaks for itself.

## FACTS

28. No allegation is asserted against the Trust in Paragraph 28, and therefore no response is required. To the extent a response is required, any allegations are denied.

5

29.    No allegation is asserted against the Trust in Paragraph 29, and therefore no response is required.  To the extent a response is required, the Trust states that the cited website speaks for itself.

30.    No allegation is asserted against the Trust in Paragraph 30, and therefore no response is required.  To the extent a response is required, any allegations are denied.

31.    No allegation is asserted against the Trust in Paragraph 31, and therefore no response is required.  To the extent a response is required, any allegations are denied.

32.    No allegation is asserted against the Trust in Paragraph 32, and therefore no response is required.  To the extent a response is required, any allegations are denied.

33.    No allegation is asserted against the Trust in Paragraph 33, and therefore no response is required.  To the extent a response is required, the Trust states that the cited website speaks for itself.

34.    No allegation is asserted against the Trust in Paragraph 34, and therefore no response is required.  To the extent a response is required, the Trust states that the cited website speaks for itself.  To the extent Paragraph 34 contains allegations against the Trust, they are denied.

35.    No allegation is asserted against the Trust in Paragraph 35, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

36.    No allegation is asserted against the Trust in Paragraph 36, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or

6

information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

37. No allegation is asserted against the Trust in Paragraph 37, and therefore no response is required. To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

38. The Trust admits that, in some cases, it has sought to collect on defaulted second mortgage-lien loans owned by its clients. The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and on that basis denies them.

39. No allegation is asserted against the Trust in Paragraph 39, and therefore no response is required. To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

40. No allegation is asserted against the Trust in Paragraph 40, and therefore no response is required. To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

41. No allegation is asserted specifically against the Trust in Paragraph 41, and therefore no response is required. To the extent a response is required, the Trust states that 15 U.S.C. §§ 1638(f), and 12 C.F.R. § 1026.41(a)(2) speak for themselves. To the extent Paragraph 41 stands for any additional propositions or contains allegations against the Trust, they are denied.

42.     No allegation is asserted against the Trust in Paragraph 42, and Paragraph 42 states legal conclusions, therefore no response is required.  To the extent a response is required, the Trust states that 12 C.F.R. § 1026.41(e)(6)(i) speaks for itself.  To the extent Paragraph 42 stands for any additional propositions or contains allegations against the Trust, they are denied.

43.     No allegation is asserted against the Trust in Paragraph 43, and Paragraph 43 states legal conclusions, therefore no response is required.  To the extent a response is required, the Trust states that 12 C.F.R. § 1026.41(e)(6)(ii) speaks for itself.  To the extent Paragraph 43 stands for any additional propositions or contains allegations against the Trust, they are denied.

44.     No allegation is asserted against the Trust in Paragraph 44, and Paragraph 44 states legal conclusions, therefore no response is required.  To the extent a response is required, the Trust states that N.C.G.S. § 45-91(4) speaks for itself.  To the extent Paragraph 44 stands for any additional propositions or contains allegations against the Trust, they are denied.

45.     No allegation is asserted against the Trust in Paragraph 45, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in Paragraph 45.

46.     The Trust denies the allegations in Paragraph 46.

47.     The Trust denies the allegations in Paragraph 47.

48.     No allegation is asserted against the Trust in Paragraph 48, and therefore no response is required.  To the extent a response is required, the Trust admits that Plaintiff purchased the Property.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and on that basis denies them.

49.     No allegation is asserted against the Trust in Paragraph 49, and therefore no response is required.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and on that basis denies them.

50.     No allegation is asserted against the Trust in Paragraph 50, and therefore no response is required.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and on that basis denies them.

51.     No allegation is asserted against the Trust in Paragraph 51, and therefore no response is required.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and on that basis denies them.

52.     No allegation is asserted against the Trust in Paragraph 52, and therefore no response is required.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and on that basis denies them.

53.     No allegation is asserted against the Trust in Paragraph 53, and therefore no response is required.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and on that basis denies them.

54.     No allegation is asserted against the Trust in Paragraph 54, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies them.

55.     No allegation is asserted against the Trust in Paragraph 55, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and on that basis denies them.

56.     No allegation is asserted against the Trust in Paragraph 56, and therefore no response is required.  To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and on that basis denies them.

57.     The Trust admits the allegations in Paragraph 57.

58.     The Trust admits the allegations in Paragraph 58.

59.     The Trust admits the Plaintiffs made a mortgage payment in or around February 2011.  The Trust further admits that Nationstar, which began servicing the Loan in July 2013, sometimes through its wholly owned subsidiary, Veripro Solutions, did not send periodic statements on a monthly cadence to Plaintiff from that time until December 2019.  The Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and specifically denies any remaining allegations not otherwise specifically admitted herein on that basis.

60.     The Trust admits that it has sent collection letters to Plaintiff in the past.  The Trust denies any remaining allegations in Paragraph 60.

61.     The Trust denies the allegations in Paragraph 61.

62.     The Trust admits that in or around August 2020, Statebridge sent Plaintiff correspondence listing an amount of $95,623.95 as due and owing.  The Trust denies any remaining allegations in Paragraph 62.

63.     The Trust admits that, in or around August 2020, the Trust commenced foreclosure proceedings against Plaintiff in connection with the Loan.

64.     The Trust denies the allegations in Paragraph 64.

65.     The Trust denies the allegations in Paragraph 65.

10

66. The Trust admits that Statebridge issued a payoff statement dated July 1, 2024 relating to the Loan, which contained a total payoff amount of $109,437.70. The Trust denies any remaining allegations in Paragraph 66.

67. The Trust denies the allegations in Paragraph 67.

68. The Trust denies the allegations in Paragraph 68.

69. The Trust admits that a foreclosure sale on the Property was noticed for January 7, 2025. The Trust denies any remaining allegation in Paragraph 69.

70. No allegation is asserted against the Trust in Paragraph 70, and therefore no response is required. To the extent a response is required, the Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and on that basis denies them.

71. The Trust denies the allegations in Paragraph 71.

72. The Trust denies the allegations in Paragraph 72.

73. The Trust denies the allegations in Paragraph 73.

## COUNT ONE
### VIOLATION OF FDCPA, 15 U.S.C. § 1692e(10)
### (Class Claim Against the Trust)

74. Paragraph 74 contains no allegation to which a response is required. To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

75. The Trust admits that Plaintiff purports to bring a putative class action against it. The Trust denies that a class may be properly certified under Rule 23 (or any other rule). The remainder of Paragraph 75 purports to set forth a description of a putative class Plaintiff seeks to certify and states legal conclusions to which no response is required. To the extent a response is required, the Trust denies that the requirements for class certification under North Carolina Rule

11

of Civil Procedure 23 (or any other rule) can be satisfied in this action. To the extent the allegations in Paragraph 75 stand for any additional propositions, they are denied.

76. The Trust denies the allegations in Paragraph 76 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

77. The Trust denies the allegations in Paragraph 77 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

78. The Trust denies the allegations in Paragraph 78 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

79. The Trust denies the allegations in Paragraph 79 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

80. The Trust denies the allegations in Paragraph 80.

81. The Trust denies the allegations in Paragraph 81.

82. The Trust denies the allegations in Paragraph 82.

83. The Trust denies the allegations in Paragraph 83.

84. The Trust denies the allegations in Paragraph 84.

85. The Trust denies that Plaintiff is entitled to any relief.

**COUNT TWO:**
**Violation of FDCPA, 15 U.S.C. § 1692e(2)(A)**
**(Class Claim Against the Trust)**

86. Paragraph 86 contains no allegation to which a response is required. To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

87. The Trust admits that Plaintiff purports to bring a putative class action against it. The Trust denies that a class may be properly certified under Rule 23 (or any other rule). The remainder of Paragraph 87 purports to set forth a description of a putative class Plaintiff seeks to certify and states legal conclusions to which no response is required. To the extent a response is required, the Trust denies that the requirements for class certification under North Carolina Rule of Civil Procedure 23 (or any other rule) can be satisfied in this action. To the extent the allegations in Paragraph 87 stand for any additional propositions, they are denied.

88. The Trust denies the allegations in Paragraph 88 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

89. The Trust denies the allegations in Paragraph 89 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

90. The Trust denies the allegations in Paragraph 90 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

91. The Trust denies the allegations in Paragraph 91 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

92. The Trust denies the allegations in Paragraph 92.

93. The Trust denies the allegations in Paragraph 93.

13

94.     The Trust denies the allegations in Paragraph 94.

95.     The Trust denies the allegations in Paragraph 95.

96.     The Trust denies the allegations in Paragraph 96.

97.     The Trust denies that Plaintiff is entitled to any relief.

**COUNT THREE**:
**Violation of N.C.G.S. § 75-55(2)**
**(Class Claim Against the Trust)**

98.     Paragraph 98 contains no allegation to which a response is required. To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

99.     The Trust admits that Plaintiff purports to bring a putative class action against it. The Trust denies that a class may be properly certified under Rule 23 (or any other rule). The remainder of Paragraph 99 purports to set forth a description of a putative class Plaintiff seeks to certify and states legal conclusions to which no response is required. To the extent a response is required, the Trust denies that the requirements for class certification under North Carolina Rule of Civil Procedure 23 (or any other rule) can be satisfied in this action. To the extent the allegations in Paragraph 99 stand for any additional propositions, they are denied.

100.    The Trust denies the allegations in Paragraph 100 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

101.    The Trust denies the allegations in Paragraph 101 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

102. The Trust denies the allegations in Paragraph 102 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

103. The Trust denies the allegations in Paragraph 103 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

104. The Trust denies the allegations in Paragraph 104.

105. The Trust denies the allegations in Paragraph 105.

106. The Trust denies the allegations in Paragraph 106.

107. The Trust denies the allegations in Paragraph 107.

108. The Trust denies the allegations in Paragraph 108.

109. The Trust denies that Plaintiff is entitled to any relief.

**COUNT FOUR:**
**Violation of N.C.G.S. § 75-54(4)**
**(Class Claim Against the Trust)**

110. Paragraph 110 contains no allegation to which a response is required. To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

111. The Trust admits that Plaintiff purports to bring a putative class action against it. The Trust denies that a class may be properly certified under Rule 23 (or any other rule). The remainder of Paragraph 111 purports to set forth a description of a putative class Plaintiff seeks to certify and states legal conclusions to which no response is required. To the extent a response is required, the Trust denies that the requirements for class certification under North Carolina Rule of Civil Procedure 23 (or any other rule) can be satisfied in this action. To the extent the allegations in Paragraph 111 stand for any additional propositions, they are denied.

15

112. The Trust denies the allegations in Paragraph 112 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

113. The Trust denies the allegations in Paragraph 113 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

114. The Trust denies the allegations in Paragraph 114 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

115. The Trust denies the allegations in Paragraph 115 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

116. The Trust denies the allegations in Paragraph 116.

117. The Trust denies the allegations in Paragraph 117.

118. The Trust denies the allegations in Paragraph 118.

119. The Trust denies the allegations in Paragraph 119.

120. The Trust denies the allegations in Paragraph 120.

121. The Trust denies that Plaintiff is entitled to any relief.

**COUNT FIVE:**
**Declaratory Judgment under N.C.G.S. § 1-253**
**(Class Claim Against the Trust)**

122. Paragraph 122 contains no allegation to which a response is required. To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

123.     The Trust admits that Plaintiff purports to bring a putative class action against it. The Trust denies that a class may be properly certified under Rule 23 (or any other rule).  The remainder of Paragraph 123 purports to set forth a description of a putative class Plaintiff seeks to certify and states legal conclusions to which no response is required.  To the extent a response is required, the Trust denies that the requirements for class certification under North Carolina Rule of Civil Procedure 23 (or any other rule) can be satisfied in this action.  To the extent the allegations in Paragraph 123 stand for any additional propositions, they are denied.

124.     The Trust denies the allegations in Paragraph 124 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

125.     The Trust denies the allegations in Paragraph 125 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

126.     The Trust denies the allegations in Paragraph 126 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

127.     The Trust denies the allegations in Paragraph 127 and specifically denies that a class may be properly certified under North Carolina Rule of Civil Procedure 23 (or any other rule).

128.     The Trust denies the allegations in Paragraph 128.

129.     Paragraph 129 states legal conclusions to which no response is required.  To the extent a response is required, the Trust denies the allegations in Paragraph 129.

130.     Paragraph 130 states legal conclusions to which no response is required.  To the extent a response is required, the Trust denies the allegations in Paragraph 130.

131.     The Trust denies that Plaintiff is entitled to any relief.

### COUNT SIX:
### Violation of FDCPA, 15 U.S.C. § 1692e(2)(A)
### (Individual Claim Against Statebridge)

132.     Paragraph 132 contains no allegation to which a response is required.  To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

133.     No allegation is asserted against the Trust in Paragraph 133, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 133.

134.     No allegation is asserted against the Trust in Paragraph 134, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 134.

135.     No allegation is asserted against the Trust in Paragraph 135, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 135.

136.     No allegation is asserted against the Trust in Paragraph 136, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 136.

137.     The Trust denies that Plaintiff is entitled to any relief.

### COUNT SEVEN:
### Violation of N.C.G.S. § 75-55(2)
### (Individual Claim Against Statebridge)

18

138.    Paragraph 138 contains no allegation to which a response is required.  To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

139.    No allegation is asserted against the Trust in Paragraph 139, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 139.

140.    No allegation is asserted against the Trust in Paragraph 140, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 140.

141.    No allegation is asserted against the Trust in Paragraph 141, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 141.

142.    No allegation is asserted against the Trust in Paragraph 142, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 142.

143.    The Trust denies that Plaintiff is entitled to any relief.

**<u>COUNT EIGHT</u>:**
**Violation of N.C.G.S. § 75-54(4)**
**(Class Claim Against Statebridge)[1]**

144.    Paragraph 144 contains no allegation to which a response is required.  To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

145.    No allegation is asserted against the Trust in Paragraph 145, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 145.

---

[1] Count Eight is styled as a class claim against Statebridge but makes no classwide allegations.

146.     No allegation is asserted against the Trust in Paragraph 146, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 146.

147.     No allegation is asserted against the Trust in Paragraph 147, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 147.

148.     No allegation is asserted against the Trust in Paragraph 148, and therefore no response is required.  To the extent a response is required, the Trust denies the allegations in in Paragraph 148.

149.     The Trust denies that Plaintiff is entitled to any relief.

<u>COUNT NINE</u>:
**Breach of Contract**
**(Individual Claim Against the Trust)**

150.     Paragraph 150 contains no allegation to which a response is required.  To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

151.     Paragraph 151 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust states North Carolina law speaks for itself.

152.     Paragraph 152 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust states North Carolina law speaks for itself and denies the allegations in in Paragraph 152.

153.     The Trust denies the allegations in Paragraph 153.

154.     Paragraph 154 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust states North Carolina law speaks for itself and denies the allegations in Paragraph 154.

155. The Trust denies the allegations in Paragraph 155.

156. The Trust denies the allegations in Paragraph 156.

157. The Trust denies the allegations in Paragraph 157.

158. The Trust denies that Plaintiff is entitled to any relief.

159. The Trust denies that Plaintiff is entitled to any relief.

**COUNT TEN:**
**Violation of FDCPA, 15 U.S.C. § 1692f(6)**
**(Individual Claim Against the Trust and Statebridge)**

160. Paragraph 160 contains no allegation to which a response is required. To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

161. The Trust denies the allegations in Paragraph 161.

162. The Trust denies the allegations in Paragraph 162.

163. The Trust denies the allegations in Paragraph 163.

164. The Trust denies the allegations in Paragraph 164 that Plaintiff is entitled to any relief.

**COUNT ELEVEN:**
**Violation of N.C.G.S. § 75-51(6)**
**(Individual Claim Against the Trust and Statebridge)**

165. Paragraph 165 contains no allegation to which a response is required. To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

166. The Trust denies the allegations in Paragraph 166.

167. The Trust denies the allegations in Paragraph 167.

168. The Trust denies the allegations in Paragraph 168.

169. The Trust denies the allegations in Paragraph 169 and denies that Plaintiff is entitled to any relief.

**Wrongful Foreclosure**
**(Individual Claim Against the Trust and Statebridge)**

170.  Paragraph 170 contains no allegation to which a response is required.  To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

171.  Paragraph 171 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust states federal law and TILA law speak for themselves.

172.  The Trust denies the allegations in Paragraph 172.

173.  The Trust denies the allegations in Paragraph 173.

174.  The Trust denies that Plaintiff is entitled to any relief.

175.  The Trust denies that Plaintiff is entitled to any relief.

## COUNT THIRTEEN:
**Unfair and Deceptive Trade Practices, N.C.G.S. §§ 75-1.1 et seq.**
**(Individual Claim Against the Trust and Statebridge)**

176.   Paragraph 176 contains no allegation to which a response is required.  To the extent a response is required, the Trust incorporates its preceding responses in their entirety.

177.   Paragraph 177 contains a legal conclusion to which no response is required.  To the extent a response is required, the Trust states North Carolina law speaks for itself and denies the allegations in Paragraph 177.

178.   The Trust denies the allegations in Paragraph 178.

179.   The Trust denies the allegations in Paragraph 179.

180.   The Trust denies that Plaintiff is entitled to any relief.

181.   The Trust denies that Plaintiff is entitled to any relief.

## DEMAND FOR JURY TRIAL

The Trust admits that Plaintiff has requested a trial by jury.

22

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, the Trust asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to sue as she has not alleged an actual, particularized, and concrete injury.

### FIFTH AFFIRMATIVE DEFENSE

**(Good Faith)**

Plaintiff's claims are barred, in whole or in part, because the Trust at all times acted in good faith and in conformity with all rules, regulations, and interpretations of law relevant to the claims.

### SIXTH AFFIRMATIVE DEFENSE

**(Offset)**

Plaintiff's claims are barred, in whole or in part, because the Trust is entitled to offset damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that Plaintiff established a violation of the Fair Debt Collection Practices Act, the violation was not intentional and resulted from a bona fide error notwithstanding the Trust's maintenance and use of procedures reasonably adapted to avoid the error.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Negligent Violation)

Plaintiff's claims are barred, in whole or in part, because the Trust's conduct was not negligent.

## NINTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

Plaintiff's claims are barred, in whole or in part, because the Trust's conduct was not willful.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff's claims are barred, in whole or in part, because she not sustained any injury or damage as a result of the matters alleged in the complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiff's claims are barred, in whole or in part, because any injury or damages Plaintiff has sustained were not caused by the Trust.

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Negligence and Acts)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's own negligent, careless, and/or intentional acts caused and/or contributed to Plaintiff's alleged injuries and/or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

Plaintiff's claims are barred, in whole or in part, because this court lacks subject matter jurisdiction.

## ADDITIONAL AFFIRMATIVE DEFENSES

The Trust reserves all defenses under Fed. R. Civ. P. 8 and 12, and the right to assert any additional defenses and avoidances that may arise.

Respectfully submitted, this the 18th day of July, 2025.

> HUTCHENS LAW FIRM LLP
> By: /s/___*Jeffrey A. Bunda*_____
> Jeffrey A. Bunda
> N.C. State Bar No. 34432
> *Attorney for Defendant Statebridge Company, LLC and BCMB1 Trust by Wilmington Savings Fund Society, FSB, as Trustee*
> 6239 Fairview Road, Suite 315
> Charlotte, NC 28210
> Telephone: (704) 362-9255 Ext: 2359
> Facsimile: (704) 362-9301

Email:  jeff.bunda@hutchenslawfirm.com